**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RODNEY WILSON MCCLANTON,
ADC #108785                                                                                            PLAINTIFF

5:15CV00230-KGB-JTK

ROBERT BREVING, et al.                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

1

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff Rodney McClanton is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging inadequate medical care and treatment for hernia pain by Defendants (Doc. No. 2). Defendant Breving was dismissed on December 17, 2015 (Doc. No. 33).

Pending before the Court is the Motion for Summary Judgment filed by remaining Defendant Estella Bland (Doc. No. 37). Plaintiff filed a Response to the Motion (Doc. No. 44).

### II. Complaint

Plaintiff alleged that he suffers pain from a hernia almost a year after surgery at the National Park Medical Center. (Doc. No. 2, p. 4) He was called to the prison infirmary on March 31, 2015, to see Defendant Bland, and she did not check the hernia area where he complained about pain. (Id.) Bland told him that there was nothing wrong with him and prescribed Ibuprofen, despite Plaintiff's complaints that it did not help the pain and upset his stomach. (Id.)

### III. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

    **A.    Exhaustion**

Defendant Bland first asks the Court to dismiss Plaintiff's Ibuprofen claim based on his failure to exhaust the issue through the prison's grievance process. The ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. No. 39-1, pp. 3-20), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, require inmates to exhaust their administrative remedies as to all defendants at all levels of the grievance procedure, prior to filing a lawsuit, according to Shelly Byers, Medical Grievance Coordinator for the ADC. (Doc. No. 39-1, p. 1). Byers states that Plaintiff filed, appealed, and exhausted the grievance process for two medical grievances between March, 2015, and July, 2015. (Id., p. 2) However, Defendant states that in those grievances, CU-15-00562 and CU-15-00582, Plaintiff only complained that she failed to examine him on March 31, 2015, and did not mention his complaint about the Ibuprofen. (Doc. No. 39-1, pp. 22-27) Therefore, Defendant asks

the Court to dismiss this claim, based on Plaintiff's failure to exhaust.

Plaintiff states in response that he adequately exhausted his administrative remedies by filing and appealing his grievance concerning Defendant's inadequate medical care.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  532 U.S. 731, 741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).  In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).  Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper

4

exhaustion." 549 U.S. 199, 218 (2007).

In Burns v. Eaton, the Eighth Circuit held that an exhausted grievance which named one officer involved in a pepper spray incident did not cover the plaintiff's allegations against a second officer named in his complaint, when the grievance did not name the second officer and did not include a description of his allegedly-unlawful actions. The Court stated, "this was not a case where 'prison officials decline[d] to enforce their own procedural requirements and opt[ed] to consider otherwise-defaulted claims on the merits.'" 752 F.2d 1136, 1141 (quoting Reed-Bey v. Pramstaller, 603 F.3d 322, 325 (6th Cir. 2010)).

In this case, the Court finds Plaintiff adequately exhausted his remedies as to both claims by filing a grievance complaining about Defendant Bland's failure to examine him for his complaints of hernia pain, and her "unprofessional" treatment. (Doc. No. 39-1, p. 22) The Health Services Response to the grievance noted Dr. Bland's instructions to Plaintiff to continue taking the "NSAIDs" (Ibuprofen) for pain. (Id., p. 23) Therefore, even though Plaintiff did not specifically complain about being prescribed Ibuprofen, his complaint that Defendant inadequately treated him for hernia pain adequately covered the issues raised in the present complaint.

### B.   Deliberate Indifference

Next, Defendant asks the Court to dismiss Plaintiff's complaint based on his failure to prove that she acted with deliberate indifference to his serious medical needs, and she presents a declaration and portions of Plaintiff's medical records in support of her Motion. According to her Declaration, Bland is an Advanced Practice Registered Nurse employed at the Cummins Unit of the ADC. (Doc. No. 39-2, p. 1) According to Plaintiff's medical records, Defendant Breving performed surgery on Plaintiff on March 28, 2014, to repair a left indirect inguinal hernia. (Id., pp. 1, 4-5) Breving examined Plaintiff on June 19, 2014, for complaints of tenderness in the hernia scar area, and

determined that Plaintiff did not have a recurrent hernia. (Id., pp. 1, 6) At that time, Plaintiff declined Breving's offer of a pain injection of steroid and Marcaine, which would have treated and possibly resolved his pain. (Id.) Breving's consultation ended with the statement that no further action needed to be taken. (Id., p. 6)

Plaintiff submitted a sick call at the Cummins Unit on March 16, 2015, complaining of pain and swelling in the area of his hernia surgery. (Id., pp. 1, 7) He was initially seen by Nurse Chance, who noted a steady gait, a well-healed scar to his left groin with no swelling or warmth, and that Plaintiff requested an explanation of his medical restrictions. (Id., pp. 1, 8) Defendant Bland then examined Plaintiff and found no acute condition. (Id.) She told Plaintiff he had scar tissue and prescribe 800 mg Ibuprofen, to be taken twice daily as needed, for three months. (Id., pp. 1-2, 8)

Plaintiff returned to the infirmary on March 27, 2015 with complaints of pain in the lower left hip, reporting his history of hernia surgery and the recent visit to the infirmary. (Id., pp. 2, 9) The nurse who examined Plaintiff noted no bulging at the hernia site, and referred him to Defendant Bland for "medication re-evaluation," in response to his complaint that his medication was not relieving the pain. (Id.) Defendant Bland then encountered Plaintiff on March 31, 2015, regarding a re-evaluation of his medication. (Id.) Plaintiff re-affirmed his complaint of pain in the area of his hernia scar; Defendant noted that she had examined him on March 16, 2015, and also observed that his current posture was erect, his gait was stable, and that he could position himself sitting and standing without effort. (Id.) Defendant Bland also noted that Plaintiff refused the pain injection offered by Dr. Breving in June, 2014. (Id.) Based on her review of his medication list and her visual observations of Plaintiff, Bland determined he should continue with the ibuprofen. (Id.)

Bland admits that she did not physically examine Plaintiff on March 31, 2015, noting that an examination was not the purpose of the encounter. (Id., p. 2) However, she did not see a need for a

medication change. (Id.) She also notes that as of March, 2016, Plaintiff's condition had not changed, and he was told that an injection is the only way to treat his scar tissue pain. (Id., p. 3)

In further support of her Motion, Defendant presents the declaration of LaSonya Griswold, an Advanced Practice Registered Nurse also employed at Cummins Unit. (Doc. No. 39-3) Ms. Griswold treated Plaintiff in November, 2015, noting that he had a well-healed hernia scar with no erythema or swelling or drainage, and assessed the condition as involving scar tissue at the incision site. (Id., p. 2) She prescribed Plaintiff Acetaminophen at that time. (Id.) Plaintiff then saw the physician on February 2, 2016, at which time his condition had not changed, and the physician told him that the only treatment was the pain injection he previously declined. (Id.)

Based on her review of Plaintiff's medical records, Griswold states that Plaintiff did not have a medical need for an examination by Defendant on March 31, 2015, since she had examined him on March 16, 2015, and since he was referred for a medication evaluation. (Id.) Since he did not report with a new injury, but with the same complaint of pain to the same area of hernia repair, there was no new reason to re-examine him and no change in the assessment of his condition. (Id.) Griswold states Defendant Bland adequately treated Plaintiff's subjective complaints of pain and appropriately instructed Plaintiff to take his prescriptions as directed and follow his medical restrictions. (Id.)

In response, Plaintiff denies that he refused the pain injection offered by Dr. Breving in June, 2014. He also denies that he was referred to Bland for a medication review in March, 2015, stating he was there for a sick call visit. He questions how Bland could diagnose and treat him without examining him.

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendant was deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not

constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

The Court finds no evidence to support deliberate indifference by Defendant in her care and treatment for Plaintiff's complaints. Plaintiff does not deny that she examined him on March 16, 2015, but complains that she failed to examine him on March 31, 2015, when he reported with the same complaints. The March 27, 2015 notes of Plaintiff's encounter at sick call with a nurse state, "refer to physician for medication re-evaluation with no pain relief from current medication from hernia site..." (Doc. No. 39-3, p. 10) Although Defendant did not repeat a physical examination

8

of Plaintiff, she visually noted that his posture was erect and his gait stable, and that he positioned himself sitting and standing without effort. (Doc. No. 39-2, p. 9) While Plaintiff complains that she continued him with Ibuprofen, despite the fact that he continued to suffer pain, this complaint amounts to a disagreement over the type of medical treatment he received, and not deliberate indifference. See Long v. Nix, 86 F.3d at 765. Furthermore, although Plaintiff complained in his Complaint that Bland continued to prescribe him Ibuprofen despite his complaints about stomach pain, there is no evidence in the record to support his allegation.[1] In the grievance he filed about Bland's treatment, he did not specifically mention the Ibuprofen, and in his appeal from the medical department's response, he did not respond to their reference to the Ibuprofen description, and he did not complain at that point that the Ibuprofen caused him stomach pain. (Doc. No. 39-1, p. 23) Further, there are no notes in his medical records that he ever complained to a medical professional about the Ibuprofen upsetting his stomach. And, he does not allege that he continued to complain about such after his March 31, 2015 encounter with Defendant Bland. In fact, there is no indication that he filed a sick call or requested medical treatment between March 31, 2015, and November 24, 2015. (See Doc. No. 39-3, pp. 11-12, which covers treatment received from 01/01/2014 to 09/09/2015, and from 08/01/2015 to 12/02/2015.) Finally, the fact that Plaintiff's assessment did not change in 2016 is further evidence that Defendant did not act with deliberate indifference to a serious medical need, or that her failure to adequately treat Plaintiff resulted in physical injury or further harm. On February 2, 2016, Plaintiff saw a physician to discuss left groin pain, complaining that the pain was secondary to his 2014 hernia surgery. At that time, "patient's request for MRI

---

[1] Plaintiff also does not refer to the Ibuprofen or the alleged effects on his stomach in his Response to the Summary Judgment Motion (Doc. No. 44).

denied. Patient informed that only treatments for post-herniorrhaphy neuralgia are nerve ablation and nerve block (which he previously declined). Patient informed that there are no medications that will improve his current condition." (Doc. No. 39-1, p. 12)

Therefore, the Court finds that in the face of Plaintiff's medical records and the affidavits provided by Defendant Bland and APRN Griswold, Plaintiff has not created a question of fact by merely claiming inadequate medical treatment. See Dulany, 132 F.3d at 1240.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant Bland's Motion for Summary Judgment (Doc. No. 37) be GRANTED, and that Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 15th day of April, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE